```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA


DYSON FOURNESS AND VIRGINIA,     )    3:10-CV-40-ECR-RAM
FOURTESS,                        )
                                 )
     Plaintiffs,                 )
                                 )
vs.                              )    Order
                                 )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEM, INC.; ROBERT V. BUDHWA;  )
FIELDSTONE MORTGAGE COMPANY;     )
NATIONAL DEFAULT SERVICING CO.;  )
HOME EQ SERVICING; AND DOES I-X  )
                                 )
     Defendants.                 )
                                 )
_____)
```

Plaintiffs in this case are homeowners who claim to be victims of an unlawful and wrongful foreclosure initiated by Defendants. Plaintiffs assert five claims for relief: (1) wrongful foreclosure; (2) fraud in the inducement; (3) conspiracy to commit wrongful foreclosure; (4) unjust enrichment and; (5) slander of title.  Now pending is Defendants HomEq Servicing, Mortgage Electronic Registration Systems, Inc. ("MERS") and National Default Servicing Co.'s ("NDSC") motion to dismiss (# 10).

The motion is ripe, and we now rule on it.

## I. Procedural Background

On January 15, 2010, Plaintiffs filed this lawsuit in state court. On January 21, 2010, Defendants removed the lawsuit (#1) to federal court, invoking our diversity jurisdiction. On April 5, 2010, Defendants filed the pending motion to dismiss (#10) and a request for judicial notice (#11). Plaintiffs opposed (#12) the motion to dismiss (#10), and Defendants replied (#13).

## II. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are

2

insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the

3

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Analysis

A. Wrongful Foreclosure

The first claim alleged in Plaintiffs' complaint is wrongful foreclosure. It appears that Plaintiffs' wrongful foreclosure claim is based on two independent theories of relief. Plaintiffs' first theory of relief is as follows:

> The obligation of the Plaintiffs . . . was discharged when the investors of the mortgage backed securities claims were paid as a result of over-collateralization of the obligations and/or credit default swaps and/or federal bailout funds and other monies paid to investors who owned the note of the Plaintiffs co-mingled with the other notes and obligations and/or to the Defendants or bank holding companies who disbursed the monies in such a fashion as to extinguish the obligation of Plaintiffs to repay the monies that they borrowed . . . .

(Compl. ¶ 36 (#1).)

An action for the tort of wrongful foreclosure will lie only "if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). The "material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Id. Plaintiffs do not allege that they were not in default on their loan. Moreover,

4

1 Plaintiffs' theory, that the federal bailout funds somehow
2 extinguished their mortgage obligation, is simply untenable.
3     Plaintiffs' alternative theory is that because MERS was
4 improperly named as the beneficiary on Plaintiffs' deed of trust,
5 "the security interest in their properties was rendered invalid,"
6 (P.'s Opp. at 9 (#12)), as was any action by MERS purporting to
7 substitute trustees, (Compl. ¶ 26 (#1)).  Plaintiffs' alternative
8 theory is likewise untenable.  We agree with Plaintiffs that calling
9 MERS a "beneficiary" is incorrect.  Weingartner v. Chase Home
10 Finance, LLC, --- F. Supp. 2d ----, No. 2:09-cv-02255, 2010 WL
11 1006708, at * 2 (D. Nev. March 15, 2010)("MERS is not a beneficiary.
12 MERS is the nominee of the beneficiary.  Often, the true beneficiary
13 (the lender/nominator) will obfuscate this distinction on the deed
14 of trust by referring to MERS as the 'beneficiary of record.'").  We
15 have not discovered, however, nor has Plaintiff provided, any
16 authority in support of the contention that the incorrect
17 designation of MERS as a beneficiary on Plaintiffs' deed of trust
18 renders the security interest on Plaintiffs' property invalid.
19     We also disagree with Plaintiffs' assertion that because of the
20 incorrect designation, any substitution of trustees effected by MERS
21 was a nullity.  MERS is named in Plaintiffs' deed of trust not only
22 as the beneficiary but as the nominee for the lender.  (Request for
23 Judicial Notice ("RJN"), Ex. 2 (#11).)  In that capacity, MERS has
24 the authority for substitution of trustees.  Weingartner, 2010 WL
25 1006708, at * 2 (noting that the nominee on a deed of trust has
26 authority to administer the deed of trust, which includes authority
27 for substitution of trustees).  We have not discovered, nor has
28

5

Plaintiff provided, any authority in support of a contrary proposition. Plaintiffs' claim for wrongful foreclosure will therefore be dismissed.[1]

### B. Fraud in the Inducement

Plaintiffs' second claim for relief is for fraud in the inducement. Plaintiffs' claim fails to satisfy the particularity requirements of Rule 9(b). Federal Rule of Civil Procedure 9(b) requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted). In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Id. at 764-65 (internal quotation marks and citation omitted).

Plaintiffs' claim for fraud in the inducement fails to allege who made what misrepresentations or when any of the alleged

---

[1] The parties spill considerable amounts of ink discussing the implications of the circumstance that NDSC was only formally substituted as Trustee after NDSC filed a notice of default. It appears this issue came to the parties' attention when Defendants filed their request for judicial notice (#11). Regardless, there are no facts alleged, nor claims asserted, in the complaint relating to this issue. As such, this issue is not a part of this case unless and until Plaintiffs choose to amend their complaint.

6

misrepresentations took place.  The claim is replete with vague and conclusory allegations such as "Defendants failed to advise the Plaintiffs that the obligation on his [sic] note had been discharged in whole or in part, and failed to advise Plaintiffs of the fact that Defendants had no lawful rights to foreclose upon the homes of Plaintiffs."  (Compl. ¶ 47 (#1).)  Plaintiffs' claim for fraud in the inducement will therefore be dismissed.

### C. Conspiracy to Commit Wrongful Foreclosure

Plaintiffs' third claim for relief alleges that all Defendants engaged in a conspiracy to "promote, encourage, facilitate and actively engage in wrongful foreclosures perpetrated on Plaintiffs . . . ."  (Compl. ¶ 57 (#1).)  A civil conspiracy is "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage ."  Collins v. Union Fed. Sav. & Loan Ass'n., 663 P.2d 610, 622 (Nev. 1983).  An "act in furtherance of the conspiracy [must] constitute an actionable tort." Eikelberger v. Tolotti, 611 P.2d 1086, 1088 & n.1 (Nev. 1980). Plaintiffs have failed to adequately allege a plausible claim for conspiracy.  The basis alleged for the conspiracy claim in Plaintiffs' complaint is the wrongful foreclosure claim, which is itself fatally deficient.  Plaintiffs' third claim will therefore be dismissed.

### D. Unjust Enrichment

Plaintiffs' fourth claim for relief alleges unjust enrichment against all Defendants.  Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good

7

conscience belongs to another." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (Nev. 1997). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Id.  The doctrine of unjust enrichment thus only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." Id. (quoting 66 Am. Jur. 2d Restitution § 11 (1973)).

The basic premise of Plaintiffs' claim for unjust enrichment is that they were "targeted for and lured" into their mortgages.  (Am. Compl. ¶ 177 (#35).)  These mortgages are express and written contracts; Plaintiffs' fourth claim thus fails and will be dismissed.

### E. Slander of Title

Plaintiffs' fifth claim alleges slander of title.  A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." Executive Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998).  Plaintiffs' slander of title claim is based on the same untenable legal theory of Plaintiffs' other claims: "National Default Servicing and HomeEq (Barclays) knew that they did not have any grounds to believe that the Fournesses owed them any money on the note nor does National Default Servicing and HomeEq (Barclays) know who the actual investors on the note and deed of trust for the Fournesses are or how much is owed or how much has been discharged

8

on that note or whether pursuant to another action, the mote has been paid in part of discharged in whole." (Compl. ¶ 80 (#1).) Plaintiffs' fifth claim will therefore be dismissed.

### IV.   Leave to Amend

Under Rule 15(a) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15(a). In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)(discussing Foman v. Davis, 371 U.S. 178, 182 (1962).

In light of the liberal spirit of Rule 15(a), Plaintiffs should have an opportunity to amend their complaint. If the amended complaint is similarly deficient, however, we may be forced to conclude that leave to further amend would be futile.

### VI. Conclusion

Plaintiffs' first claim for wrongful foreclosure fails because Plaintiffs do not allege that they were not in default on their loan and Plaintiffs' theories of relief are untenable and unsupported by authority. Plaintiffs' second claim for fraud in the inducement fails because it does not satisfy the particularity requirements of Rule 9(b). Plaintiffs' third claim for conspiracy to commit

9

wrongful foreclosure fails because Plaintiffs' underlying wrongful foreclosure claim is fatally deficient. Plaintiffs' fourth claim for unjust enrichment fails because mortgages are express and written contracts. Plaintiffs' fifth claim for slander of title is based on the same untenable legal theory of Plaintiffs' other claims. Plaintiffs will be given leave to amend.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' Motion to Dismiss (#10) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall have twenty-one (21) days within which time to file an amended complaint.

DATED: December 3, 2010.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

10