**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| DYSON FOURNESS AND VIRGINIA, FOURNESS, | ) ) ) | 3:10-CV-40-ECR-RAM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **Order** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; ROBERT V. BUDHWA; FIELDSTONE MORTGAGE COMPANY; NATIONAL DEFAULT SERVICING CO.; HOME EQ SERVICING; AND DOES I-X | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs are homeowners who claim to be victims of an unlawful and wrongful foreclosure initiated by Defendants.

Now pending before the Court is Defendants' motion to dismiss action for failure to timely amend and delay in prosecution (#15) brought pursuant to Federal Rule of Civil Procedure 41(b).  The motion is ripe, and we now rule on it.

### I. Background

On January 15, 2010, Plaintiffs filed suit in state court.  On January 21, 2010, Defendant removed the action (#1) to this Court, invoking our diversity jurisdiction.

On December 6, 2010, we granted (#14) Defendants motion to dismiss (#10). We further granted Plaintiffs leave to file an amended complaint within twenty-one (21) days. Over a year later, Plaintiffs have yet to file.

On April 12, 2011, Defendants filed a motion to dismiss action for failure to timely amend and delay in prosecution (#15) pursuant to Federal Rule of Civil Procedure 41(b). Plaintiffs did not respond.

## II. Discussion

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). With regard to a plaintiff's failure to amend a complaint, "resources continue to be consumed by a case sitting idly on the court's docket. The failure of the plaintiff eventually to respond to the court's ultimatum - either by amending the complaint or by indicating to the court that it will not do so - is properly met with the sanction of a Rule 41(b) dismissal." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9 h Cir. 2004). As was the case with the plaintiff in Edwards, Plaintiffs here have failed to file an amended complaint, nor have they indicated that they will not do so. In fact, Plaintiffs have not taken any action in this case since before the Court's order (#14) dismissing the complaint and granting them leave to amend. For this reason, the case must be dismissed.

2

Furthermore, Plaintiffs have consented to the granting of the instant motion (#15) by failing to respond to it. See Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

### III. Conclusion

Plaintiffs have not filed an amended complaint within twenty-one (21) days of the Court's previous order (#14) and have otherwise failed to prosecute the case. This action must therefore be dismissed.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' motion to dismiss action for failure to timely amend and delay in prosecution (#15) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: March 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

3